UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
UNITED STATES OF AMERICA,

        Plaintiff,

                                                           MEMORANDUM AND ORDER
   -against-                                              11 CR 798 (ILG)

ALEJANDRO LONDONO,

        Defendant.
-----------------------------------------------x
GLASSER, United States District Judge:

       The defendant was sentenced on January 25, 2013, to Time Served, followed by five years supervised release and a $100.00 special assessment fee, after having pled guilty to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), Distribution of Methamphetamine, a class A felony. Additionally, a Preliminary Order of Forfeiture was entered by the Court. The defendant consented to the forfeiture of $10,000.00 of the $19,540.00 in United States currency seized from his residence on July 13, 2011. The defendant's term of supervised release commenced on January 25, 2013, in the Southern District of Florida, and is scheduled to expire on January 24, 2018. Jurisdiction of this case remains with the Eastern District of New York. According to our counterparts in the Southern District of Florida, he has satisfied his special assessment and is currently in compliance with all other conditions of supervised release and in October 2013 he was transferred to their Low Risk Caseload, which is the least restrictive unit in the district.

       While it is to the defendant's credit that he has remained in compliance with the conditions of his supervision, early termination from supervision is not warranted at this juncture. A defendant's positive adjustment to supervision does not alone support a basis for early termination. Reference is made to the factor of "extraordinary

achievement" as discussed in several Second Circuit cases which notes that early termination should only be granted occasionally. The prevailing view is that a defendant simply having a record of compliance with supervision conditions is not enough. Instead, his behavior must be "exceptionally good" to warrant the benefits of early termination. See United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997), and United States v. Sheckley, 129 F.3d 114 (2d Cir. 1997).

The motion is, accordingly denied, with leave to renew at a later date.

SO ORDERED.

Dated:      Brooklyn, New York
              November 21, 2014

                                                   s/
                                        I. Leo Glasser